UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TERASITA REGANIT,<br><br>    Plaintiff,<br><br>  v.<br><br>KAY-CO. INVESTMENTS, INC., et al.,<br><br>    Defendants. | No. 2:09-cv-01120-MCE-KJM<br><br><br><br>MEMORANDUM AND ORDER |

Presently before the Court is Plaintiff's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction ("Application"). Certain prerequisites must be satisfied prior to issuance of a temporary restraining order ("TRO"). See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974) (stating that the purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer"). In order to warrant issuance of such relief, Plaintiff must demonstrate either: 1) a combination of probable success on

the merits and a likelihood of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001); Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 375 (2008) (likelihood rather than possibility of success on the merits required for issuance of preliminary injunctive relief). These two alternatives represent two points on a sliding scale, pursuant to which the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits. Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998); United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).

Plaintiff seeks to enjoin the foreclosure of her home, which is scheduled to occur today, April 24, 2009. According to Plaintiff, she is "entitled to injunctive relief because the equities are strongly in his [sic] favor. If Defendant forecloses, Mrs. Reganit and her family consisting of four (4) young children, will suffer irreparable harm by being wrongly uprooted from their home. On the other hand, Defendants will experience no hardship if it [sic] is prohibited from presently carrying out its threat of foreclosure, as Defendants will be able to foreclose on the property if Mrs. Reganit does not prevail on her claims." Application, 4:6-11.

///
///
///
///

Nevertheless, even assuming Plaintiff can demonstrate the requisite irreparable harm in this case, her instant claim fails for two reasons: 1) Plaintiff's likelihood of success on the merits is minimal; and 2) even if her success was certain, enjoining foreclosure is an improper remedy.

First, Plaintiff has not demonstrated even the most minimal likelihood of success on the merits. Plaintiff brings her Application under both the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, neither of which afford her relief here.

Under TILA, Plaintiff can sue for damages or rescission. See 15 U.S.C. §§ 1635, 1640. However, a one-year statute of limitations is applicable to Plaintiff's TILA damages claim. Id., § 1640. No allegations indicating otherwise, the limitations period accrued at the time Plaintiff signed the loan documents, in this case January of 2007. Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). Accordingly, Plaintiff's claim for damages is now barred.

Moreover, while Plaintiff's rescission claim is not currently time-barred, Plaintiff has not indicated she is able to tender the requisite loan proceeds. See 15 U.S.C. § 1635(f) (three-year statute of limitations applicable to claims for rescission); Garza v. American Home Mrtg., 2009 WL 188604, *5 (E.D. Cal.) (dismissing complaint for failure to allege ability to tender). Accordingly, Plaintiff is likely unable to successfully litigate a rescission claim as well.

///

Plaintiff's success on her UCL claims is similarly improbable as they are likely preempted by federal law. Garza at *5. The court in Garza observed that "[i]n Silvas v. E*Trade Mortgage Corp., 421 F. Supp. 2d 1315 (S.D. Cal. 2006), aff'd, 514 F.3d 1001 (9th Cir. 2008), a fellow district court held that the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461, et seq., preempted claims under the UCL if the UCL claims were predicated on TILA." Id. Thus, to the extent Plaintiff's instant UCL claims are based on Defendants' alleged TILA violations, those claims fail.

The only alternative argument offered as a basis for Plaintiff's UCL claim is premised on the assertion that Defendants improperly initiated foreclosure proceedings despite their lack of possession of the Promissory Note. However, "[n]o requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure." Candelo v. NDex West, LLC, 2008 WL 5382259, *4 (E.D. Cal.). Thus, Plaintiff's UCL claim likewise fails to the extent it is premised on Defendants' lack of possession of that Note.

Moreover, an order enjoining foreclosure is simply not a proper remedy for Plaintiff's claims. Plaintiff only directly attacks the foreclosure proceedings by way of her argument that Defendants do not possess the Note. However, because that argument was rejected, it cannot provide a basis for the injunctive relief sought.

///
///
///

4

Additionally, because each of Plaintiff's remaining arguments are premised only on alleged disclosure violations, an injunction prohibiting foreclosure would be improper. Even if, contrary to the above analysis, Plaintiff were able to show some likelihood of success on the merits of her disclosure-based claims, proper injunctive relief would entail an order directing that proper disclosures be made in the future rather than an order restraining foreclosure.

A review of the relevant law bolsters the Court's conclusion. First, TILA remedies for the wrongful disclosures alleged are damages or rescission, not the avoidance of foreclosure. See 15 U.S.C. §§ 1635, 1640. Additionally, while the UCL provides for both injunctive relief or restitution, in this case the equitable relief would be limited to an order precluding Defendants from engaging in the alleged unfair practices. See Cal. Bus. & Prof. Code § 17203 ("Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments...as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition...or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."). Finally, Plaintiff has submitted no evidence or authority supporting the contrary and illogical proposition that a proper remedy for disclosure violations is to allow Plaintiff to continue to possess a home on which she has presumably defaulted.

Consequently, for the reasons just stated, Plaintiff's Application for Temporary Restraining Order is DENIED without prejudice. Hearing on Plaintiff's Motion for Preliminary Injunction is hereby scheduled at 2:00 p.m. on Wednesday, May 13, 2009, in Courtroom 7 before Judge Morrison C. England, Jr. Any Opposition is to be filed no later than 4:00 p.m. on Thursday, May 7, 2009, and any reply is to be filed no later than 12:00 p.m. on Tuesday, May 11, 2009. Plaintiff is ordered to notify the Court of the occurrence of the foreclosure sale within forty-eight (48) hours of its completion.

IT IS SO ORDERED.

Dated: April 24, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE